## IN EQUITY.

### DAVIS, Ex'r, &c. vs. BRIGGS et al.

The supreme court in equity have power to restrain proceedings at law, where such proceedings must necessarily work injustice. (2 Story's Com. on Equity, § 885.)

A prior mortgagee will be restrained by injunction from proceeding with a statute foreclosure, instituted after a foreclosure commenced in equity by a junior mortgagee, upon the same premises, where the prior mortgagee is made a party Defendant in the latter proceedings.

It is no answer by the prior mortgagee, that he is apprehensive that the security will be insufficient, in consequence of delay. If he is injured by delay, he should move to dismiss the Plaintiff's bill, and for leave to proceed at law, or for a decree directing a sale of the mortgaged premises and payment of his debts and cost.

*September Special Term*, 1847. *Dutchess County.*—*Application for an injunction to restrain the Defendant Adriance from further proceedings, under a statute foreclosure of his mortgage.*—The bill was filed 26th of September, 1846, to foreclose a mortgage made by the Defendant Briggs. The Defendant Adriance was made a party, as the holder of a prior mortgage, and put in his answer admitting the material facts in the bill. The Defendant Briggs also put in an answer, denying the complainant's rights as set forth. To the answer a replication was filed, and proofs were taken in the month of June, 1847. The answer of Adriance was served on the 4th of December last; the answer of Briggs was served on the 21st of December, and the first proofs were taken on the 22d of June. In the mean time, Adriance becoming impatient at the delay, and apprehensive that the premises were becoming a scanty security for his debt and interest, on the 19th of June, commenced a *statute* foreclosure of his mortgage, by advertising the premises to be sold on the 13th of September inst. The Plaintiff noticed the cause for hearing at this term, and it is now on the calendar.

9

W. J. STREET, *for Plff.*
E. Q. ELDRIDGE, *for Deft Adriance.*
H. & C. W. SWIFT, *for Deft Briggs.*

BARCULO, Justice.—My first impressions were strongly against the motion. It seemed that the holder of the second mortgage should not, by commencing a foreclosure of his mortgage, and making the first mortgagee a party, deprive the latter of the more speedy remedy of a statute foreclosure. Subsequent reflection, however, has led me to a different conclusion.

In the first place, this court undoubtedly has the power to grant the relief sought. For although no reported case has been adduced on the point, it comes within the broad principle so familiar to courts of equity, of restraining proceedings at law, where those proceedings must necessarily work injustice. (2 Story's Com. on Equity, § 885.)

I think also this is a proper case for the exercise of that power. Unless restrained, the premises will be sold under the prior mortgage, before a decree can be obtained in the original cause, and perhaps while the hearing is pending. The premises being sold, this suit is defeated; the lien of the Plaintiff's mortgage is destroyed; he has no apparent remedy for his costs, and can hardly escape the payment of the Defendants' costs.

The Defendant Adriance was regularly and properly made a party Defendant. As such, he is within the control of this court, which is bound to restrain, as well as protect its suitors. His mortgage is a subject-matter of this suit, and here he must seek his relief. The interests of all the other parties, requires that he should be restrained from prosecuting concurrent proceedings at law.

If Adriance was injured by the delay arising from the litigation between the other parties, he should have applied to the court in this cause to dismiss the Plaintiff's bill, and for leave to proceed at law, or for a decree directing the sale of the mortgaged premises, and payment of his debt and costs, leaving the surplus moneys to abide the final decision of the cause.

As there seems to be some question whether the Plaintiff can sustain his bill, on the merits against the mortgagee, I shall not grant a perpetual injunction, but merely stay the sale at law, until the final decision of this cause, and the further order of the court. The question of costs is reserved for the final decision.